Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARTHA CAÑÓN ABUCHAR, KEYSI TERRERO FERNÁNDEZ, ROBINSON DÍAZ REYES, CENTRO DE ORIENTACIÓN Y AYUDA PSIQUIÁTRICA NIÑOS, INC. (COPA Y/O COPAN)<br><br>Demandantes-Recurridos<br><br>v.<br><br>MANUEL DE JESÚS RODRÍGUEZ CÉSPEDES, YANEIRIS DE JESÚS HERNÁNDEZ FERNÁNDEZ, LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, CUÍDAME, INC.<br><br>Demandados-Peticionarios | KLCE202400015 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2022CV03214<br><br>Sobre: Sentencia Declaratoria; Incumplimiento de Contrato; Daños y perjuicios; Remedios |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece ante este tribunal apelativo el Sr. Manuel De Jesús Rodríguez Céspedes, CUÍDAME, INC. y la Sra. Yaneiris De Jesús Hernández Fernández (la parte peticionaria) mediante la *Solicitud de Certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (el TPI), el 7 de noviembre de 2023, notificada el día siguiente. Mediante este dictamen, el foro a *quo* denegó la solicitud de descalificación de los licenciados Edgardo Santiago Torres y Francisco Sánchez Rodríguez y sus respectivos Bufetes.

A su vez, el tribunal primario resolvió que la parte peticionaria no tiene legitimación activa para invocar los privilegios de secretos

de negocios de la Sra. Nelsa Ondina Rodríguez y los nuevos demandantes. Asimismo, dictaminó que la transacción de comercio relativa al cien por ciento (100%) de las acciones emitidas y en circulación del *Centro de Orientación y Ayuda Psiquiátrica, Inc.,* que fueron adquiridas por las señoras Martha Cañón Abuchar, Keysi Terrero Fernández y el Sr. Robinson Díaz Reyes y que, como producto de esta, la señora Ondina Rodríguez cedió su participación en la causa de acción personal y los derechos adquiridos mediante el *Contrato de Cesión y de Opción de Compraventa de Acciones* a los compradores, <u>no está en controversia en el presente caso o en otro</u>.

Por los fundamentos expuestos a continuación, desestimamos el presente recurso de *certiorari* por falta de jurisdicción para entender el mismo.

Examinado el recurso y a tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

**I.**

**La jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente". *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

Pertinente al caso de autos, para poder acudir al foro apelativo para solicitar la revisión de las **resoluciones u órdenes interlocutorias**, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 32 (D), dispone que el recurso de *certiorari* se deberá presentar dentro de los **treinta días posteriores a la fecha de archivo en autos de copia de la notificación u orden recurrida**. Dicho término es de **cumplimiento estricto**. *Pueblo v. Rodríguez,* 167 DPR 318 (2006) y *Pueblo v. Rodríguez Ruiz,* 157 DPR 288 (2002).

Siendo así, los tribunales pueden eximir a una parte del requisito de cumplir con un término de cumplimiento estricto si: (1) existe justa causa para la dilación, y (2) la parte demuestra en detalle las bases razonables que tuvo para la dilación en la notificación. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560 (2000). La acreditación de justa causa se hace con explicaciones concretas y particulares debidamente evidenciadas en el escrito que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Soto Pino v. Uno Radio Group,* 189 DPR 84 (2013); *Febles v. Romar,* 159 DPR 714, 720 (2003). Los términos de cumplimiento estricto no les conceden discreción a los tribunales para autorizar prórrogas de manera automática. *S.L.G. Szendrey- Ramos v. F. Castillo,* supra;

*Rojas v. Axtmayer Ent., Inc.*, supra; *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651 (1997).

Conforme a ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314 (1997).

**II.**

Analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aunque ninguna de las partes haya formulado la petición al respecto. En virtud de esta normativa apelativa, resulta que la *Resolución* recurrida fue emitida el 7 de noviembre de 2023, notificada el día siguiente.

Inconforme, el 24 de noviembre la parte peticionaria presentó una oportuna *Moción de Reconsideración* paralizando así el término para acudir ante esta *Curia.*[1] Mediante la *Resolución* del 27 de noviembre, el TPI la declaró *No ha Lugar* y la misma fue notificada por la Secretaría el **4 de diciembre de 2023**, según surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Por otro lado, a los fines de auscultar nuestra jurisdicción consultamos a la Directoría de Informática del Poder Judicial, la cual nos indicó que del sistema de base de datos surge que la

---

[1] Véase la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 47.

referida *Resolución* fue creada el 4 de diciembre de 2023, a las 11:41:30 a.m., y notificada a los representantes legales y a las partes a las 11:41:46 a.m. Además, sobre este punto, es importante advertir que en su escrito de *certiorari* la propia parte peticionaria, a las págs. 1 y 2, reconoce que la determinación objetada fue archivada en autos y notificada el 8 de noviembre de 2023 y que instó el pedido de reconsideración el 24 de noviembre, lo cual es cónsono con las fechas que están indicadas en la parte superior de estos documentos.

Por tanto, la parte peticionaria debió presentar el recurso de *certiorari* para impugnar la *Resolución* recurrida en o antes del 3 de enero de 2024. Sin embargo, este fue instado ante esta *Curia* el 4 de enero, ello en exceso del término de treinta (30) días posteriores a la fecha de la notificación oficial de la copia del dictamen recurrido.

En consecuencia, conforme al derecho precedente, estamos ante un recurso tardío, respecto al cual en este momento no tenemos jurisdicción para considerarlo en sus méritos. En este sentido, al haberse presentado el recurso fuera del plazo de cumplimiento estricto, <u>sin que mediare justa causa para tal dilación</u>, lo único que procede en derecho es desestimarlo. Sobre este aspecto, destacamos que, según explicamos, un término de cumplimiento estricto <u>no se puede prorrogar automáticamente</u>. Al respecto, advertimos que, en la *Solicitud de Certiorari*, la parte peticionaria <u>no alegó justa causa para la demora en la presentación del recurso ante este foro apelativo</u>. Tampoco expresa una explicación concreta del por qué recibió la notificación el 5 de diciembre, en vez del 4 como surge de SUMAC. Enfatizamos que era responsabilidad de esta parte demostrar justa causa, mediante explicaciones concretas y particulares, que excusara su falta de observancia con dicho requisito reglamentario y nos permitiera prorrogar el plazo. De hecho, en *Soto Pino v. Uno Radio Group*, supra, a la pág. 97, nuestro

Tribunal Supremo recordó a la clase togada que "es un deber acreditar la existencia de justa causa, *__incluso antes de que un tribunal se lo requiera__*, si no se observa un término de cumplimiento estricto". (Itálicas en el original, Énfasis nuestro).[2] Reiteramos que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede asumir la jurisdicción que no ostenta.

### III.

Por los fundamentos antes expuestos, se desestima el presente recurso de *certiorari* por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[2] Citado, además, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).