El Pueblo de Puerto Rico, recurrido, *v.* Gilberto Rodríguez Martínez, peticionario.

*Número:* CC-2004-267          *Resuelto:* 15 de marzo de 2006

*Alberto Colón Bermúdez*, abogado de la parte peticionaria; *Salvador Antonetti Stutts,* procurador general, *Kendys Pimentel Soto*, subprocuradora general, *Ricardo E. Alegría Pons* y *Janitza Alsina Rivera*, procuradores generales auxiliares, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Contra Gilberto Rodríguez Martínez se determinó causa probable para arresto y, posteriormente, para acusar por alegadas violaciones a la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2101 *et seq.* Específicamente se le imputó haber vendido sustancias controladas a un agente encubierto de la Policía. Luego de celebrado el acto de lectura de acusación, la defensa de Rodríguez Martínez presentó una moción de supresión de evidencia, en la cual solicitó la eliminación de la identificación realizada por el agente encubierto y por el supervisor de éste.

*El 25 de septiembre de 2003* se celebró una vista evidenciaria en la que, entre otras cosas, se desfiló prueba relacionada a la aludida moción de supresión de evidencia. *Ese mismo día, y en corte abierta*, el juez que presidió la vista declaró "no ha lugar" la solicitud del imputado y, además, denegó una solicitud de reconsideración presentada por éste. *No surge del expediente que la representación del acusado le informara al tribunal en dicho día de su intención*

*de solicitar la revisión de la referida determinación, por lo que el tribunal no ordenó la notificación de la minuta.*

Así las cosas, *el 23 de octubre de 2003* la representación legal de Rodríguez Martínez fue a la secretaría del tribunal de instancia y obtuvo una copia certificada de la minuta de la vista evidenciaria antes mencionada. *Del texto de ésta surge que fue transcrita el 1 de octubre de 2003.*

Inconforme con la determinación del foro primario, el *21 de noviembre de 2003* Rodríguez Martínez acudió —mediante un recurso de *certiorari*— ante el Tribunal de Apelaciones. Adujo, en síntesis, que el tribunal de instancia erró al declarar "no ha lugar" la solicitud de supresión de evidencia, debido a que la identificación de éste por parte del agente encubierto y su supervisor no fue conforme a las garantías de confiabilidad establecidas por la jurisprudencia de este Tribunal. Además, alegó que el foro primario incidió al no admitir en evidencia unas fotos presentadas por él.

Oportunamente, el Procurador General, en representación del Ministerio Público, compareció ante el foro apelativo intermedio para solicitar la *desestimación* del recurso presentado por el acusado. Argumentó que conforme lo resuelto en *Pueblo v. Rodríguez Ruiz*, 157 D.P.R. 288 (2002), el recurso fue presentado veintiún días tarde.

Evaluados los argumentos de ambas partes, el foro apelativo intermedio *denegó* el recurso antes mencionado *por entender que carecía de jurisdicción.* Sostuvo que como Rodríguez Martínez no le informó al tribunal de instancia de su intención de solicitar la revisión judicial de su determinación, el término para presentar el recurso comenzó a transcurrir desde el día en que se transcribió la minuta —o sea, el 1 de octubre de 2003— y venció el 31 de octubre del mismo año, veintiún días antes de presentado el recurso. El aludido foro apoyó su determinación en *Pueblo v. Rodríguez Ruiz*, ante, por entender que los hechos de ese caso eran idénticos a los del presente caso y, a su vez, lo diferenció de lo resuelto en *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 D.P.R. 255 (2002). Al respecto, determinó que

como en el presente caso "no se notificó nada posterior a la minuta", lo resuelto en *Sánchez et als. v. Hosp. Dr. Pila et als.*, ante, era inaplicable a éste.([1])

Aún insatisfecho, Rodríguez Martínez acudió —mediante recurso de *certiorari*— ante este Tribunal. Alega que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que dicho foro incidió:

> ... al entender que el recurso fue radicado tardíamente ya que el reglamento transitorio de ese tribunal aprobado por este Honorable Tribunal Supremo y posterior a la decisión de Rodríguez-Ruiz no enmendó la Regla 32 de dicho Tribunal Apelativo conforme a la resuelto en dicha opinión.
>
> ... al entender que el caso de Rodríguez-Ruiz, ya citado, es idéntico a los hechos del caso de auto[s] del cual recurrimos ante este Honorable Tribunal Supremo ya que en el de Rodríguez-Ruiz se notificó la minuta al abogado del acusado el mismo día en que se celebró la vista, no así en el presente.
>
> ... al resolver que la opinión emitida en Sánchez-Torres [v.] Hospital Dr. Pila, ya citado, no era de aplicación a los hechos de éste caso dado el hecho de que dicha opinión es posterior a la de Pueblo [v.] Rodríguez-Ruiz, ya citado, y es más consonante [sic] con la doctrina establecida por este propio tribunal de que nos [sic] se interpreten rigurosamente las disposiciones que rigen el trámite de los recursos de carácter apelativo. Petición de *certiorari*, pág. 3.

*Expedimos el recurso.* Estando en posición de resolver, procedemos a hacerlo.

## I

El presente caso plantea, nuevamente, la interrogante siguiente: ¿cuándo comienza a transcurrir el término de treinta días dispuesto para solicitar la revisión apelativa de una decisión interlocutoria emitida en corte abierta —*en un caso criminal*— cuando la parte perjudicada *no* le

---

([1]) Es menester señalar que el juez Brau Ramírez emitió un "voto concurrente" en el que expresó que la doctrina aplicable era la establecida en *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 D.P.R. 255 (2002), por lo que el recurso no era tardío. No obstante, concurrió con el resultado por entender que no se cometieron los errores señalados.

manifiesta al tribunal de instancia de su intención de recurrir en revisión al Tribunal de Apelaciones y, por ende, el foro de instancia no ordena que se notifique la minuta?

■ De entrada es menester señalar que para que el foro apelativo intermedio pueda revisar una decisión del foro de instancia, "[l]o esencial es que se acompañe copia del documento en sí que recoge la decisión". *Pueblo v. Pacheco Armand*, 150 D.P.R. 53, 58 (2000).[2] Así pues, hemos determinado que una minuta que recoja, en términos claros, la decisión del juez que se pretende revisar, es suficiente para cumplir con el requisito antes mencionado. Íd.; *Pueblo v. Rodríguez Ruiz*, ante.

■ En cuanto al momento en que comienza a transcurrir el término para acudir al Tribunal de Apelaciones para solicitar la revisión de las resoluciones u órdenes interlocutorias en procedimientos criminales, tanto la Regla 32(D) del Reglamento del Tribunal de Apelaciones, aprobado el 20 de julio de 2004 (4 L.P.R.A. Ap. XXII-B), como la Regla 32(D) del Reglamento Transitorio del Tribunal de Apelaciones —aplicable a los hechos del presente caso— *disponen que el recurso de "certiorari" se deberá presentar dentro de los treinta días posteriores a la fecha del archivo en autos de copia de la notificación u orden recurrida.* Cónsono con ello, la Regla 32(b) para la Administración del Tribunal de Primera Instancia de 1999 (4 L.P.R.A. Ap. II-B), según enmendada, establece, entre otras cosas, que las minutas deberán notificarse a las partes o a sus abogados cuando éstas incluyan una resolución u orden emitida por el juez en corte abierta.[3]

---

[2] Somos conscientes de que en los casos en que se emite en corte abierta la "sentencia final" en un procedimiento criminal, el término para presentar el recurso pertinente comienza a transcurrir desde el momento en que aquélla se dicta. Véanse: Regla 23 del Reglamento del Tribunal de Apelaciones, aprobado el 20 de julio de 2004 (4 L.P.R.A. Ap. XXII-B); Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

[3] Dicha regla expresa, en lo pertinente, que:

"(b)(1) Minutas. — La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Admi-

■ A pesar de lo dispuesto en dichas reglas, *la realidad en la práctica es otra*. Tanto en *Pueblo v. Rodríguez Ruiz*, ante, como en *Pueblo v. Pacheco Armand*, ante, reconocimos que las minutas de los procedimientos criminales *no* suelen notificarse a las partes, lo cual provoca que la parte perjudicada por una decisión pueda ver afectado su derecho a recurrir del dictamen. Asimismo, indicamos que si obligáramos a la parte a esperar por que se notifiquen las resoluciones u órdenes del tribunal, el recurso podría tornarse académico. Íd.

■ En *Pueblo v. Rodríguez Ruiz*, ante, nos enfrentarnos a una *controversia similar* a la del presente caso. En aquella oportunidad expresamos lo siguiente:

... como norma general, cuando el tribunal de instancia tome una determinación en corte abierta que pueda ser objeto de revisión judicial, *la parte perjudicada por ésta deberá informarle al tribunal, ese mismo día y en corte abierta, su propósito de solicitar revisión ante el Tribunal de Circuito de Apelaciones* [hoy, Tribunal de Apelaciones]. A su vez, el tribunal de instancia deberá ordenar a la Secretaria de Sala que notifique dicha minuta a todas las partes de manera oficial. En ese caso, la fecha cuando comenzará a transcurrir el término para solicitar revisión *será obviamente la fecha de la notificación oficial de la minuta*. Ahora bien, *en los casos excepcionales en que la*

nistrativo o la Directora Administrativa de los tribunales y será certificada por la Secretaria de Servicios a Sala.

"La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.

"Se permitirá la utilización de papel de color rosa o del color que se establezca y que se tenga disponible para la preparación de la minuta original. Esto tiene como propósito poder identificar en el expediente con rapidez la minuta.

"La minuta no será notificada a las partes o a sus abogados, salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.

"La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.

"(2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes y las determinaciones del juez o de la jueza, una relación de las personas que testificaron, y una relación de la prueba documental presentada con indicación de si fue admitida o no." 4 L.P.R.A. Ap. II-B, R. 32(b).

*parte perjudicada por la determinación del tribunal no exprese en dicho momento su propósito de solicitar revisión, y posteriormente decida revisar, la fecha de notificación será la fecha de transcripción de la minuta.* (Énfasis nuestro.) Íd., págs. 297–298.

Las antes transcritas expresiones son claras. Establecimos que la parte se entenderá notificada: (1) *cuando se notifique oficialmente la minuta,* si en ese día y en corte abierta la parte perjudicada le informó al tribunal su intención de solicitar la revisión del dictamen ante el foro apelativo, o (2) *cuando se transcriba la minuta,* si la parte perjudicada no informó lo anterior en el momento indicado.

Los fundamentos que nos llevaron a adoptar dicha norma *no* han variado. Por un lado, la práctica de los tribunales de no notificar las minutas en los procedimientos criminales continúa vigente y, por el otro, se sigue promoviendo que los casos criminales se resuelvan de manera expedita y que la parte perjudicada por un dictamen del foro primario pueda solicitar su revisión. *Pueblo v. Rodríguez Ruiz,* ante. En dicho caso expresamos, *y hoy reiteramos,* que ante la espera de la notificación del dictamen "[e]l proceso apelativo podría resultar académico y acarrear violaciones de derechos constitucionales fundamentales; más aún cuando estamos ante decisiones que, aunque interlocutorias, podrían ser cardinales para la disposición del caso". Íd., pág. 298.

Somos del criterio que los intereses antes mencionados están adecuadamente protegidos bajo el palio de la norma adoptada en *Pueblo v. Rodríguez Ruiz,* ante. Por tal razón, *reiteramos* que cuando una parte interese acudir ante el foro apelativo intermedio para solicitar la revisión de un dictamen interlocutorio del foro primario emitido en corte abierta en un caso criminal, el término para presentar el recurso comenzará a transcurrir, *como norma general,* cuando se notifique oficialmente la minuta, si la parte perjudicada le informó al tribunal ese día y en corte abierta su intención de solicitar la revisión del dictamen

ante el foro apelativo. *Sin embargo*, en situaciones —como en la de autos— en que la parte perjudicada *no* informe lo anterior en el momento indicado, *el término comenzará a transcurrir cuando se transcriba la minuta.*

## II

Por estar íntimamente relacionados, evaluaremos en conjunto los señalamientos de error levantados por Rodríguez Martínez.

El peticionario alega en su recurso que tanto lo resuelto en *Sánchez et als. v. Hosp. Dr. Pila et als.*, ante, como la Regla 32(D) del Reglamento del Tribunal de Apelaciones, ante —ambos *posteriores* a *Pueblo v. Rodríguez Ruiz*, ante— demuestran que lo allí resuelto no tiene vigencia en la actualidad. *No tiene razón.*

█ En *Sánchez et als. v. Hosp. Dr. Pila et als.*, ante, resolvimos que *en los casos civiles* la notificación que activa los términos para interponer una moción de reconsideración o un recurso de *certiorari* ante el Tribunal de Apelaciones tiene que constar por escrito y que dicho escrito tiene que ser notificado a las partes. Dichas expresiones son claras al establecer que esta norma aplica únicamente a los casos civiles.

█ Asimismo, resulta patentemente claro que lo resuelto en *Sánchez et als. v. Hosp. Dr. Pila et als.*, ante, no es viable en los procedimientos criminales. Ello, porque para poder aplicar correctamente dicha norma en el contexto de estos casos deberíamos, entre otras cosas: (1) ordenar que se notifiquen todas las minutas que incluyan órdenes o resoluciones aunque sean rutinarias, lo cual sobrecargaría de trabajo las ya atareadas Secretarías de lo Criminal de los Tribunales de Primera Instancia, o (2) permitir —como propone el peticionario— que la fecha de notificación sea el día que la parte acuda a la Secretaría y obtenga una copia certificada de la minuta, lo que sería

prácticamente dejar a la entera discreción de éste el determinar cuándo será notificado, lo cual es inaceptable.

De otra parte, el peticionario aduce que considerar la fecha de la transcripción de la minuta como la fecha de la notificación ocasionará un caos administrativo, ya que los abogados que se proponen recurrir de dichas resoluciones u órdenes tendrán que estar llamando o acudiendo constantemente a la Secretaría del tribunal para poder tener conocimiento de cuándo ésta se transcribió.

■ En cuanto a dicha contención, basta con señalar que aunque consideramos que dichas gestiones pueden causar inconvenientes a los abogados, somos del criterio que no provocarán, como el peticionario alega, un "caos" en la Secretaría del Tribunal. Además, destacamos que la fecha de la notificación para recurrir ante el Tribunal de Apelaciones será la de la transcripción de la minuta, *únicamente* en los *casos excepcionales* en que la parte afectada *no le indique al tribunal el día en que se emitió el dictamen y en corte abierta su intención de solicitar la revisión de éste.* En otras palabras, los casos en que los abogados se vean en la necesidad de saber la fecha de la transcripción de la minuta deben ser los menos, pues la norma general es que éstos actúen de forma competente y le informen al tribunal de su deseo de recurrir para que éste ordene la notificación oficial de la minuta.

Por otro lado, no tiene razón el peticionario al sostener que la norma establecida en *Pueblo v. Rodríguez Ruiz*, ante, atenta contra la política pública de ser flexibles en la interpretación de las leyes y reglamentos que se refieran a los procedimientos apelativos. No debe caber duda que dicha política no significa, bajo ningún concepto, que los abogados practicantes puedan hacer caso omiso de los precedentes jurisprudenciales y luego pretender que los tribunales apelativos asuman jurisdicción en casos donde claramente no la hay. La norma establecida en *Pueblo v. Rodríguez Ruiz*, ante —*y aquí reiterada*— es clara y, por lo tanto, no debe alterarse por el mero desconocimiento o la

poca diligencia de una de las partes, máxime cuando de hacerlo afectaríamos más intereses de los que beneficiaríamos.

Finalmente, Rodríguez Martínez arguye que los hechos de *Pueblo v. Rodríguez Ruiz*, ante, no son idénticos a los del presente caso, por lo que no debe utilizarse para resolver la controversia ante nos. Aun cuando, a diferencia del caso ante nuestra consideración, en *Pueblo v. Rodríguez Ruiz*, ante, la minuta fue notificada, ello no es óbice para que la norma allí pautada sea de aplicación al presente recurso. Como vimos, dicha norma establece una solución específica para los casos como el de autos, además de que protege adecuadamente todos los intereses aquí implicados.

Aclarado lo anterior, debemos determinar si actuó correctamente el foro apelativo intermedio al desestimar el presente caso por carecer de jurisdicción.

## III

Es un *hecho incontrovertido* que el 25 de septiembre de 2003 —día en que el foro primario emitió su dictamen— el peticionario, a pesar de solicitar la reconsideración, *no le informó al tribunal su intención de acudir ante el Tribunal de Apelaciones a solicitar la revisión de éste.* Tampoco está en controversia que *la minuta se transcribió el 1 de octubre de 2003* y que no fue hasta el 23 del mismo mes y año que el peticionario acudió a la Secretaría a solicitar una copia certificada de ésta.[4]

Analizados dichos hechos según la normativa antes expuesta, no debe caber duda de que el término para acudir ante el foro apelativo intermedio para solicitar la revisión del dictamen emitido en corte abierta el 25 de septiembre de 2003 comenzó a transcurrir el 1 de octubre de

---

[4] Cabe destacar que de los hechos antes mencionados se desprende que el peticionario obtuvo copia de la minuta siete días antes de expirar el plazo para recurrir del dictamen.

2003 —día en que se transcribió la minuta de la vista en la que se emitió el dictamen— y venció el 31 de octubre del mismo mes y año. Ante estos hechos, *el foro apelativo intermedio actuó correctamente al desestimar el recurso por considerarlo tardío.*([5]) Tampoco incidió el aludido foro al resolver que el peticionario no adujo justa causa alguna que le permitiera extender el término de cumplimiento estricto.([6])

## IV

Por los fundamentos antes expresados, *procede confirmar la sentencia emitida en el presente caso por el Tribunal de Apelaciones y, en consecuencia, devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita.

---

([5]) Recordamos que los tribunales no pueden asumir jurisdicción donde no la hay y que cualquier sentencia dictada sin jurisdicción es una sentencia nula en derecho y, por lo tanto, inexistente. *Rivera v. Algarín*, 159 D.P.R. 482 (2003); *Febles v. Romar*, 159 D.P.R. 714 (2003); *Pueblo v. Miranda Colón*, 115 D.P.R. 511, 513 (1984).

([6]) Un término de "cumplimiento estricto" le otorga al foro judicial la facultad de ejercer discreción para proveer justicia de acuerdo con las circunstancias particulares de cada caso. *Arriaga v. F.S.E.*, 145 D.P.R. 122, 130–131 (1998). Sin embargo, el foro apelativo sólo puede ejercer su discreción si la parte que solicita la prórroga demuestra justa causa fundamentada para ello en su escrito de *certiorari*. Cuando la parte que solicita la prórroga no demuestra justa causa, el foro apelativo carece de discreción para acoger el recurso. *Rojas v. Axtmayer Ent., Inc.*, 150 D.P.R. 560, 564 (2000); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 D.P.R. 651, 657 (1997).