Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| PVE DEVELOPMENT, CORP.<br><br>Peticionaria<br><br>v.<br><br>AUTORIDAD DE EDIFICIOS PÚBLICOS, AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA<br><br>Recurridos | KLCE202301199 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2020CV06077<br><br>Sobre: Cobro de Dinero- Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

## SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

## I.

El 30 de octubre de 2023, PVE Development Corp. (PVE o la parte peticionaria) presentó una petición de *certiorari* en la que solicitó que revoquemos una orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), contenida en una *Minuta* del 29 de septiembre de 2023.[1] Mediante la orden, el TPI dispuso que permitiría la enmienda a las alegaciones de la Autoridad de Edificios Públicos (AEP o parte recurrida) tras haberse concluido el descubrimiento de prueba.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las

---

[1] Notificada ese mismo día. Apéndice de la petición de *certiorari,* Anejo 1, págs. 1-2.

Número Identificador
SEN2023_____

particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

**II.**

El caso de marras tuvo su génesis el 12 de noviembre de 2023 cuando PVE presentó una *Demanda* sobre cobro de dinero contra la Autoridad para el Financiamiento de la Infraestructura (AFI) y la AEP.[2] En la reclamación, la parte peticionaria solicitó al TPI que le ordenara a la AFI y a la AEP a pagar $482,864.44, más intereses y honorarios de abogado.

El 5 de abril de 2021, la AEP radicó una *Contestación a demanda* en la que argumentó que la parte peticionaria no adujo hechos que justificaran la concesión de un remedio.[3] A su vez, sostuvo que no tenía vínculo contractual alguno con PVE.

Después de múltiples trámites procesales, los cuales incluyeron una transacción entre la parte peticionaria y la AFI,[4] así como una correspondiente *Sentencia Parcial* aceptando la estipulación entre las partes,[5] el 29 de septiembre de 2023, el TPI celebró la Conferencia con antelación a juicio. Tras la Conferencia, ese mismo día, el TPI emitió la *Minuta* en cuestión en la que redujo a escrito las siguientes órdenes: (1) determinó permitir la enmienda a las alegaciones de la AEP; (2) aprobó el *Informe de conferencia con antelación a juicio*; y (3) señaló el juicio en su fondo para el 22 y el 23 de enero de 2024.[6] Este último señalamiento fue incluido por el foro primario en una *Orden de señalamiento* emitida ese mismo día.[7] Si bien la *Minuta* contiene la firma de la Secretaria de Servicios a Sala, no está firmada por la jueza que preside los procedimientos.

---

[2] Íd., Anejo 2, págs. 3-5.
[3] Íd., Anejo 3, págs. 6-7.
[4] Íd., Anejo 4, págs. 8-10.
[5] Véase Entrada Núm. 79 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Apéndice de la petición de *certiorari*, Anejo 1, págs. 1-2.
[7] Véase Entrada Núm. 86 del expediente digital del caso en el SUMAC.

Inconforme, la parte peticionaria acudió ante nos y le imputó al TPI la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR LA ENMIENDA A LAS ALEGACIONES DURANTE LA CONFERENCIA CON ANTELACIÓN AL JUICIO AUN CUANDO LA DEMANDADA, AUTORIDAD DE EDIFICIOS PÚBLICOS (AEP) NUNCA ENMENDÓ SU CONTESTACIÓN A LA DEMANDA Y NUNCA ALEGÓ EL INCUMPLIMIENTO DE CONTRATO.

## II.

La Regla 32 (B) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32 (B) regula, entre varios asuntos, lo referente a las órdenes o resoluciones judiciales contenidas en minutas. En concreto, dicha regla establece que:

> (1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala. La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.
>
> Se permitirá la utilización de papel de color rosa o del color que se establezca y que se tenga disponible para la preparación de la minuta original. Esto tiene como propósito poder identificar en el expediente con rapidez la minuta. **La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.** La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.
>
> (2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes, las determinaciones del juez o de la jueza, una relación de las personas que testificaron y una relación de la prueba documental presentada con indicación de si fue admitida o no. (Énfasis nuestro).

Referente a este asunto, nuestro Tribunal Supremo dispuso en ***Sánchez et als. v. Hosp. Dr. Pila et als.,*** 158 DPR 255, 262 (2002), que:

> [U]na notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera

Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de "certiorari" ante el Tribunal de Circuito. La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes.[8]

Ahora bien, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, *supra,* R. 32 (D), dispone que el recurso de *certiorari* para revisar cualquier resolución u orden del TPI deberá presentarse dentro de un término de cumplimiento estricto de treinta (30) días a partir de la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida.

## III.

En el caso ante nos, la *Minuta* recurrida por la parte peticionaria no contiene la firma de la Jueza que presidió la Conferencia con Antelación a Juicio. De esta forma, resulta evidente que no nos encontramos ante un dictamen judicial revisable por esta Curia, en esta etapa de los procedimientos. Por ello, corresponde la desestimación del recurso por falta de jurisdicción al ser prematuro.

## IV.

Por los fundamentos pormenorizados, se *desestima* la petición de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Sobre la firma de las minutas, véanse **Pueblo v. Ríos Nieves**, 209 DPR 264 (2022), **Pueblo v. Rodríguez**, 167 DPR 318 (2006) y la jurisprudencia allí citada.