Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>LUIS JOSÉ IRIZARRY ZAPATA<br>JUAN ENRIQUE RODRÍGUEZ RUIZ<br><br>Parte Peticionaria | TA2025CE00091 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Crim. Núm.: ISCR202400571-0575<br>ISCR202401381-01385<br>ISCR202400550-00553<br><br>Sobre:<br>Arts. 93(a); 244 C.P.; Arts. 6.05, 6.11 y 6.22 Ley de Armas |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece el Sr. Luis José Irizarry Zapata y el Sr. Juan Enrique Rodríguez Ruiz (en adelante los peticionarios) y solicitan que revoquemos la resolución emitida el 3 de julio de 2025 en corte abierta por el Tribunal de Primera Instancia, Sala de Mayagüez. Según expuesto en la petición de *certorari,* mediante el referido dictamen, el foro recurrido resolvió que el agente investigador podía declarar ante el Jurado sobre la confidencia anónima recibida. Los peticionarios indican que no incluyeron copia de la minuta de los procedimientos, pues a la fecha de presentación del recurso, la minuta aún no había sido redactada ni notificada.

Junto con el recurso, los peticionarios presentaron una *Moción en Auxilio de Jurisdicción,* en la que solicitaron la paralización del juicio señalado para mañana, 8 de julio de 2025.

Evaluados los escritos presentados, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos sin trámite ulterior.

## I.

El 21 de mayo de 2024, el Ministerio Público presentó cargos contra los peticionarios por infracción al Artículo 93(a) y Artículo 244 del Código Penal de Puerto Rico[2], y por violación a los artículos 6.05, 6.11 y 6.22 de la Ley de Armas de Puerto Rico de 2020[3], por hechos ocurridos el 31 de marzo de 2022 y el 11 de noviembre de 2022 que resultaron en la muerte de Ovidio Datis Rodríguez y Cristal I. Vélez Feliciano, respectivamente.

El juicio comenzó el 23 de junio de 2025 ante Jurado. Durante el proceso han declarado nueve testigos de cargo, el Ministerio Público renunció a tres testigos y fueron puestos a disposición de los peticionarios y dieciséis testimonios se han estipulado. En total ya se han atendido veintiocho testigos. Restan por declarar catorce testigos.

El 3 de julio de 2025 el Ministerio Público llamó a declarar al agente José L. Acevedo Olivencia. Este es el agente investigador en los casos donde la occisa lo es Cristal I. Vélez Feliciano. Antes de que comenzara a declarar este testigo, la defensa solicitó al TPI que celebrara una vista al amparo de la Regla 109 de Evidencia, 32 LPRA Ap. VI, R. 109; es decir, vista sobre una determinación preliminar a la admisibilidad de evidencia. La defensa solicitó al TPI que pasara juicio sobre la admisibilidad de una alegada confidencia que había recibido el agente José L. Acevedo Olivencia el 12 de noviembre de 2022 cuando estaba investigando el asesinato de Cristal I. Vélez Feliciano.

---

[1] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 14-15, 215 DPR __ (2025).
[2] 34 LPRA § 5142 (a) y § 5334.
[3] 25 LPRA §§ 466d, 466j y 466u.

El TPI celebró la vista. En ella declaró el agente Acevedo Olivencia. Del testimonio del agente surgió el contenido de la confidencia que recibió el 12 de noviembre de 2022, cuando investigaba los delitos de asesinato, conspiración y Ley de Armas, por los cuales ahora se acusa a los peticionarios, así como el contenido de los dos documentos que redactó tan pronto recibió la confidencia.

Culminado su testimonio, los peticionarios reclamaron que dicha confidencia no era admisible en evidencia, que era prueba de referencia y quebrantaba el derecho de confrontación. El Ministerio Público por su parte argumentó que la confidencia era admisible.

El TPI luego de escuchar a las partes resolvió: (a) que el agente Acevedo Olivencia podía declarar al Jurado sobre la confidencia recibida; y (b) que los dos documentos que redactó luego de recibir la confidencia no eran admisibles, pues no cumplían con las normas que pauta la Regla 802 de Evidencia, 23 LPRA Ap. VI, R. 802. La resolución se emitió en corte abierta. Al momento en que se presentó el recurso de *certiorari*, el TPI no ha notificado la minuta de esa vista. De ese dictamen es que recurren los peticionarios ante este Tribunal de Apelaciones y apuntan el siguiente señalamiento de error:

> Cometió error el TPI al resolver que el agente José L. Acevedo Olivencia puede declarar ante el Jurado y en contra de los peticionarios, el contenido de la confidencia que recibió el 12 de noviembre de 2022 cuando investigaba los delitos de asesinato, conspiración y Ley de Armas, por los cuales ahora se acusa a éstos; pues dicha confidencia es de carácter testimonial, prueba de referencia y quebranta el derecho fundamental de los peticionarios a confrontarse con los testigos de cargo; según este derecho es reconocido bajo la Enmienda VI de la Constitución de Estados Unidos y el Art. II § 11 de la Constitución de Puerto Rico.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[4]

La Regla 40 del Reglamento de este Tribunal de Apelaciones, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada[5], establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre estos criterios de evaluación el Tribunal Supremo ha enunciado que el foro apelativo intermedio debe evaluar tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el fin de determinar si dicha etapa es la más apropiada o conveniente para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del pleito.[6] Por tanto, se trata de un recurso a ser expedido discrecionalmente.

En consideración a lo anterior, y ante la ausencia de una notificación oficial de la decisión emitida[7], no identificamos fundamentos jurídicos o fácticos que nos muevan a expedir el auto de *certiorari*, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recursos. Además, ésta no es la etapa idónea para intervenir en el proceso porque se retrasaría un juicio que se está viendo ante Jurado.

---

[4] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[5] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

[6] *Torres Martínez v. Torres Ghigliotty,* 175 D.P.R. 83, 84-85 (2008).

[7] En *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022), el Tribunal Supremo resolvió que la transcripción de una minuta que recoge una determinación interlocutoria emitida en corte abierta en un procedimiento criminal tiene que estar firmada por el juez o la jueza que emitió el dictamen. Resolvió, además, que el término para solicitar revisión de un dictamen interlocutorio del foro primario contenido en la transcripción de una minuta de un procedimiento criminal que no fue firmado por el juez que emitió este dictamen, comienza a decursar a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen. *Íd.*; Véase, además*, Pueblo v. Rodríguez Ruiz,* 157 DPR 288, 297 (2002); *Pueblo v. Rodríguez Martínez,* 167 DPR 318 (2006).

Téngase presente que los acusados pueden, de resultar culpables, reproducir el planteamiento en apelación.

**III.**

Así pues, **denegamos** la expedición del auto de *certiorari* y declaramos **no ha lugar** la *Moción en Auxilio de Jurisdicción* en solicitud de la paralización de los procedimientos.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones