Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO

Recurrido

Vs.

JOEL HERNÁNDEZ SANTOS

Peticionario | TA2026CE00092 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón

Caso Núm. D VI207G0071

Sobre:

ART. 83 C. P. Y/O |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece el peticionario, Joel Hernández Santos, por derecho propio, en forma *pauperis.*[1] El peticionario tituló su recurso "Moción en Auxilio de Jurisdicción", sin embargo, lo acogemos como *certiorari*, conforme a la designación alfanumérica provista por la Secretaria del Tribunal de Apelaciones. El recurso versa sobre una solicitud de corrección de sentencia o nuevo juicio presentada por el peticionario. En cuanto al presente recurso, el peticionario solicita una orden al foro primario para que "emita una determinación al respecto".

Visto el contenido del expediente, prescindimos de términos, y de la comparecencia de la Oficina del Procurador General. Regla 7(B)(5) de nuestro Reglamento.

### -*I*-

Conforme expuesto en el recurso presentado, el peticionario presentó una "Moción en Solicitud de Sentencia, Nuevo Juicio o que se dicte Nueva Sentencia" ante el Tribunal de Primera

---

[1] El recurrente incluyó con su recurso el formulario sobre *Declaración en Apoyo de Solicitud para Litigar como Indigente* (*in forma pauperis*) debidamente certificado conforme a la Regla 78 de nuestro Reglamento.

Instancia. Según el peticionario: "[p]or el hecho de encontrarme bajo la custodia legal del Departamento de Corrección y Rehabilitación de P.R., Inst. Ponce Principal Fase 4-ControlM-Sección Azul #316 en el Complejo Correccional de Ponce se le imposibilita conocer el status de su caso". El 9 de julio de 2025 presentó una "Moción en Solicitud de Status" con el propósito de conocer el "status del caso" pero alegó no recibir respuesta del tribunal. Según el peticionario, el propósito del escrito que presentó ante el foro de primera instancia es: "solicitar que se revisara la sentencia entendiendo que el caso cumple con todos los elementos para haber sido juzgado conforme al Art. 44, y Art. 45 del CP de 2004 y al amparo del Art. 9 por haber sido juzgado y sentenciado con el Código Penal de 1974".

Examinado el recurso, notamos que, adolece de varios defectos en torno a los requisitos establecidos en el Reglamento del Tribunal de Apelaciones para la presentación eficaz de un recurso de *certiorari*. El recurso presentado incumple con la gran mayoría de los requisitos enumerados en la Regla 34 del Reglamento de este tribunal. No incluye un Índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción, y competencia de este tribunal. Tampoco incluye referencia a la decisión cuya revisión solicita, o a cualquier moción, resolución, u orden mediante las cuales quedara interrumpido, y reanudado el plazo para presentar oportunamente el recurso ante esta curia.

Inclusive, el recurso carece de una relación fiel y concisa de los hechos procesales y materiales del caso, y el señalamiento, o señalamientos de error, que, a su juicio fueron cometidos por el foro de primera instancia. El peticionario omitió, además, una discusión adecuada de "errores" en las acciones del tribunal apelado. En fin, las omisiones del peticionario respecto a la presentación y perfeccionamiento de su recurso apelativo impiden

ejercer nuestra función revisora, y entrar en los méritos del recurso promovido.

**-II-**

El Tribunal Supremo ha expresado, en cuanto al concepto de jurisdicción, que es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Horizon Media Corp. v. Junta Revisora de Permisos*, 191 DPR 228, 233 (2014). A falta de jurisdicción, el tribunal carece de facultad legal para dirimir el problema que le ha sido planteado. Por tanto, si un tribunal determina que carece de jurisdicción, es su deber desestimar el recurso ante su consideración sin entrar en los méritos de la cuestión ante sí. *González Santos v. Bourns P.R.*, Inc., 125 DPR 48, 63 (1989).

La jurisdicción del Tribunal de Apelaciones es una limitada, ceñida a las disposiciones de las Reglas de Procedimiento Civil y el Reglamento del Tribunal de Apelaciones. Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones. *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012). De entrada, señalamos que para que este Tribunal pueda revisar una decisión del Tribunal de Primera Instancia es esencial que el promovente acompañe copia del documento que recoge la decisión cuya revisión solicita. *Pueblo v. Rodríguez*, 167 DPR 318, 324 (2006).

El Reglamento del Tribunal de Apelaciones exige que toda solicitud de *certiorari* presentada ante su consideración, incluya un apéndice con una copia literal de la decisión del foro primario y de la notificación de su archivo en autos. *Pueblo v. Pacheco Armand*, 150 DPR 53, 58 (2000). Las Reglas 33 y 34 del referido reglamento establecen los requisitos de presentación, notificación y contenido

con los que deben cumplir los peticionarios para el perfeccionamiento de un recurso de *certiorari*. Las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del Reglamento del Tribunal de Apelaciones. *Morán v. Martí*, 165 DPR 356, 363-364 (2005).

Además, el Tribunal Supremo ha señalado que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por otro lado, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

(A) ...

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. [Énfasis nuestro.]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones le concede la facultad a este Tribunal de, a iniciativa propia,

desestimar un recurso cuando concluya que carece de jurisdicción para atenderlo.

**-III-**

El recurso presentado por el peticionario incumple con las disposiciones reglamentarias correspondientes a la presentación eficaz y completa de un *certiorari* ante el Tribunal de Apelaciones. Regla 34 del Tribunal de Apelaciones.

En específico, no incluyó copia de la determinación final cuya revisión solicita, privándonos de ejercer nuestra facultad revisora. Además, el peticionario no acompañó su escrito con copia de las alegaciones, mociones, resoluciones u órdenes necesarias para determinar que su recurso de *certiorari* fue presentado dentro del término jurisdiccional. Podemos colegir de su escrito que, el peticionario solicita una orden al foro de primera instancia para que resuelva una moción de corrección a sentencia o nuevo juicio. El peticionario no acompañó su escrito con copias de los escritos, ordenes u resoluciones relacionadas a su petitorio. En otras palabras, el peticionario no incluyó la documentación e información necesaria para que este tribunal pueda evaluar los méritos de su recurso apelativo.

Reconocemos que, la Ley de la Judicatura de 2003, 4 LPRA sec. 24 *et. seq.*, persigue ofrecer acceso fácil, económico y efectivo a la ciudadanía al Tribunal de Apelaciones, así como permitir la comparecencia efectiva de los litigantes por derecho propio. *Fraya, S.E. v. A.C.*, 162 DPR 182, 189-190 (2004); L.F. Estrella Martínez, *Acceso a la Justicia: Derecho Humano Fundamental*, San Juan, Ed. Situm, 2017, págs. 66-72. No obstante, el que la parte con interés comparezca por derecho propio, no le exime de cumplir con las normas que rigen la presentación de los recursos apelativos. En *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003), el Tribunal Supremo dispuso que, "el hecho de que las partes

comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

Toda parte interesada, incluso la que comparece por derecho propio, debe cumplir con las disposiciones reglamentarias establecidas para la presentación eficaz de los recursos apelativos. Ello implica cumplir con los requisitos de forma y los requisitos sustantivos. Las normas antes referidas sirven un sinnúmero de fines esenciales en nuestro ordenamiento jurídico. Entre ellos, garantizar que, el tribunal revisor tenga la autoridad legal para determinar la corrección de los dictámenes emitidos por el Tribunal de Primera Instancia y lograr atender de forma rápida y eficiente los recursos debidamente presentados por las partes.

El incumplimiento con las normas jurídicas aplicables para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo. Lo anterior, exige la desestimación del recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones.

*-IV-*

Por todo lo cual, a la luz de los fundamentos expuestos, *desestimamos* el recurso de *certiorari* presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones