Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ASTRID VIERA APONTE Y OTROS<br><br>Recurrida<br><br>v.<br><br>IGLESIA CRISTIANA PENTECOSTAL LA GRAN COSECHA Y OTROS<br><br>Peticionaria | KLCE202401228 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre:<br>Daños y Perjuicios, Vicios Ocultos<br><br>Caso Número:<br>CG2019CV03883 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

La parte peticionaria, la sucesión del señor Samuel Montañez Díaz, compuesta por las señoras María Flores Torres y Liza Montañez Flores, comparece ante nos para que dejemos sin efecto la *Resolución* emitida el 12 de septiembre de 2024, y notificada al día siguiente por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la misma, el foro primario declaró *No Ha Lugar* la *Moción de Sentencia Sumaria Parcial*, incoada por la parte peticionaria en contra de las señoras Astrid Viera Aponte, Andrea Laguerra Viera y Amanda Laguerra Viera, la parte recurrida.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

**I**

El 13 de noviembre de 2024, la parte peticionaria compareció ante nos mediante la presentación del recurso de epígrafe. En atención al mismo, el 15 de noviembre de 2024, con notificación del 18 de noviembre siguiente, emitimos una *Resolución* mediante la

Número Identificador

RES2024 _____

cual le ordenamos evidenciar el cumplimiento con lo dispuesto en la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33. Para ello disponía hasta el 21 de noviembre de 2024.

Así las cosas, el 15 de noviembre de 2024, la parte peticionaria presentó una *Moción Acreditando Notificaciones a la Parte Recurrida y al Tribunal de Primera Instancia*. En su pliego, acreditó que notificó solamente a la representación legal de la parte recurrida, el Lcdo. Javier A. Rivera Vaquer, mediante correo certificado con acuse de recibo.

Por su parte, el 25 de noviembre de 2024, la parte recurrida presentó una *Moción de Desestimación por Falta de Jurisdicción y Memorando en Oposición a Expedición de Auto de Certiorari*. Mediante la misma, indicó que la peticionaria no había notificado a todas las partes del pleito. En específico, aludió a que no notificó el recurso de epígrafe a la Iglesia Cristiana Pentecostal La Gran Cosecha Movimiento Internacional, Inc. Por ello, arguyó que la parte peticionaria había incumplido con un requisito esencial del debido proceso de ley, al no notificar a todas las partes del pleito, dentro de un término de cumplimiento estricto, y sin expresar justa causa para ello. Por tanto, sostuvo que la peticionaria no cumplió con los requisitos para el perfeccionamiento del recurso de *certiorari*, y solicitó a esta Curia que desestimara el recurso de epígrafe, por falta de jurisdicción.

Ante el planteamiento sobre la falta de jurisdicción de este Foro, el 2 de diciembre de 2024, emitimos y notificamos una *Resolución* por la cual le ordenamos a la parte peticionaria que evidenciara la notificación del recurso a la representación legal de la Iglesia Cristiana Pentecostal La Gran Cosecha, según lo requiere la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*. Para ello disponía hasta el 3 de diciembre de 2024, antes de las doce (12) del mediodía.

Llegado el día, la parte peticionaria presentó una *Moción en Cumplimiento de Orden para Evidenciar la Notificación del Recurso de Certiorari a la Representación Legal de la Iglesia Cristiana Pentecostal La Gran Cosecha*. Alegó que, el 14 de noviembre de 2024, al radicar la *Moción Notificando Recurso de Certiorari* ante el Tribunal de Primera Instancia, mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC), notificó automáticamente el recurso de *certiorari* a todas las partes del pleito, incluyendo a la Iglesia Cristiana Pentecostal La Gran Cosecha Movimiento Internacional, Inc. Así, al entender que la referida Iglesia fue debidamente notificada, nos solicitó que declaráramos que actuó conforme la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra.*

Procedemos a disponer del recurso de autos, a tenor con la norma que provee para la eficacia de su trámite.

**II**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Morán v. Martí,* 165 DPR 356, 363 (2005). Asimismo, el trámite de un recurso apelativo no es automático, sino que presupone una notificación, un diligenciamiento y su perfeccionamiento. *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024). Por tanto, las exigencias que rigen el perfeccionamiento de los recursos pertinentes deben observarse con rigor. *UGT v. Centro Médico del Turabo, Inc.,* 208 DPR 944, 957 (2022). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico"*,* por lo que las normas que atienden el

trámite apelativo de las causas judiciales deben ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar. *Morán v. Martí,* supra, pág. 366. Es por ello que, en aras de garantizar a las partes su día en corte, se exige el cumplimiento cabal con los trámites contemplados para el perfeccionamiento de los recursos en alzada, para que los tribunales apelativos emitan un pronunciamiento justo y correcto, a la luz de un expediente completo y claro. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

La verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no sólo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. En lo pertinente, el requisito de notificación se ha incorporado a la práctica legal con el objetivo de salvaguardar el debido proceso de ley de las partes ante la presentación de un recurso apelativo. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, págs. 105-106 (2013). La *notificación* constituye el medio por el cual se adviene al conocimiento eficaz de un trámite en alzada en curso, ello mediante la presentación del recurso correspondiente. El mismo, dado sus efectos, propende al adecuado perfeccionamiento del recurso de que trate, por lo que su omisión puede resultar en un decreto de desestimación. *Metro Senior v. AVF,* 209 DPR 203, 209 (2022); *González Pagán v. Moret Guevara,* 202

DPR 1062, 1071 (2019). Es decir, la falta de oportuna notificación a todas las partes en el pleito conlleva la desestimación del recurso, debido a que se priva de jurisdicción al tribunal para ejercer su facultad revisora. *Freire Ruiz de Val y otros v. Morales Román,* supra; *González Pagán v. Moret Guevara,* supra, págs. 1071-1072.

En este contexto, pertinente a los recursos de *certiorari* y en cuanto a lo que nos ocupa, la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33, dispone como sigue:

**Regla 33 - Presentación y notificación**
(A)  Manera de Presentarlo
    El recurso de certiorari que se someta a la consideración del Tribunal de Apelaciones, y sus tres (3) copias, podrá presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.
    Cuando el recurso de certiorari, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página del recurso debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. [...].
 (B)  Notificación del recurso a las partes
    La parte peticionaria **notificará la solicitud de certiorari**, debidamente sellada con la fecha y la hora de presentación, a los abogados(as) de récord, o en su defecto, **a las partes**, así como al Procurador(a) General y al (a la) Fiscal de Distrito en los casos criminales, **dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto.** Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados(as) de las partes o a las partes, cuando no estuvieron representadas por abogado(a), a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado(a), la notificación se hará a la dirección que de éste(a) surja del registro que a esos efectos lleve el Secretario(a) del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud certiorari. La fecha del depósito en el correo se considerará como la fecha de

> la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados(as) que representen a las partes, entregándola a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado(a), se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto.

A tenor con lo antes esbozado, la parte que promueve un recurso de *certiorari* dispone del mismo plazo que el estado de derecho le provee para acudir en alzada para notificar su gestión a la parte oponente, a saber, treinta (30) días de notificada la resolución u orden recurrida. Regla 52.2 (b), Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b); 4 LPRA Ap. XXII-B, R. 32 (D). De igual modo, la disposición reglamentaria antes transcrita provee un término de setenta y dos (72) horas, siguientes a la presentación, para que se le notifique copia de la cubierta del recurso debidamente sellada a la Secretaria del tribunal recurrido, cuando el recurso de *certiorari* se presenta en nuestra Secretaría. Ambos términos son de cumplimiento estricto.

Asimismo, la parte promovente tiene la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios, pertinentes a contenido, para perfeccionar los recursos presentados ante la consideración del Tribunal de Apelaciones. *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012). De entrada, nuestro Tribunal Supremo ha señalado que, para que un foro apelativo pueda revisar una decisión del Tribunal de Primera Instancia, es esencial que el promovente acompañe copia del documento que recoge la decisión cuya revisión solicita. *Pueblo v. Rodríguez*, 167 DPR 318, 324 (2006). Además, es una norma reiterada que la parte promovente notificará el recurso

apelativo y los apéndices dentro del término dispuesto para la presentación del recurso. *Soto Pino v. Uno Radio Group,* supra, pág. 91. A su vez, la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra,* exige que toda solicitud de *certiorari* presentada ante su consideración, incluya una cubierta, un índice, un cuerpo, y un apéndice con una copia literal de la decisión del foro primario y de la notificación de su archivo en autos. *Pueblo v. Pacheco Armand,* 150 DPR 53, 58 (2000).

El peticionario tiene, por lo tanto, que cumplir con los requisitos de notificación adecuada, junto a contenido, para perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, *supra,* y así colocar al foro apelativo en posición de poder revisar al Tribunal de Primera Instancia. A tenor con lo antes esbozado, la parte que promueve un recurso de *certiorari,* tendrá que notificar la solicitud de *certiorari* a todas las partes del pleito, conforme establece la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra.* Si no se perfecciona el recurso dentro del término reglamentario provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Martí,* supra, pág. 367.

Los tribunales pueden eximir a una parte de la observancia de un término de cumplimiento estricto, siempre que medie la existencia de justa causa. *Rosario Domínguez v. ELA,* 198 DPR 197, 210 (2017); *Soto Pino v. Uno Radio Group,* supra, págs. 92-93. Sin embargo, el estado de derecho es enfático al establecer que la acreditación de la justa causa debe quedar establecida mediante alegaciones concretas y particulares. *Id.; Soto Pino v. Uno Radio Group,* supra, pág. 93. Por tanto, "[a] falta de justa causa o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto." *Rivera*

*Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group,* supra, págs. 92-93.

**III**

Un examen del trámite apelativo de la causa que nos ocupa revela que la parte peticionaria incumplió con la exigencia procesal relativa al deber de notificar su recurso de *certiorari,* a todas las partes del pleito, dentro del término reglamentario dispuesto.

La peticionaria compareció ante nos el 13 de noviembre de 2024. Una vez examinado su recurso, advertimos que, de su contenido, no surgía certificación alguna sobre su notificación conforme a los términos dispuestos en la precitada Regla 33 del Reglamento del Tribunal de Apelaciones, *supra.* Así, mediante *Resolución* emitida el 15 de noviembre de 2024, le ordenamos evidenciar ante nos la efectiva notificación del recurso de epígrafe a todas las partes del pleito. Ese mismo día, la parte peticionaria acreditó haberle notificado el recurso de *certiorari* a la representación legal de las señoras Astrid Viera Aponte, Andrea Laguerra Viera, y Amanda Laguerra Viera. Sin embargo, no evidenció que notificó el recurso de epígrafe a la representación legal de la Iglesia Cristiana Pentecostal La Gran Cosecha Movimiento Internacional, Inc. Por tanto, el 2 de diciembre, ordenamos a la parte peticionaria que evidenciara la notificación del recurso a la referida Iglesia. Al día siguiente, la parte peticionaria argumentó, mediante moción, que al momento de radicar su *Moción de Recurso de Certiorari* ante el Tribunal de Primera Instancia, a través del Sistema Unificado de Manejo y Administración de Casos, notificó automáticamente a todas las partes del pleito, incluyendo a la Iglesia.

Destacamos que, de la búsqueda electrónica del caso de autos en el Sistema Unificado de Manejo y Administración de Casos, surge que, la *Moción de Recurso de Certiorari* a la cual hizo referencia la

parte peticionaria, solo estuvo acompañada con la copia de la cubierta del escrito presentado ante esta Curia. Así, para efectos de notificar al foro recurrido, la peticionaria actuó conforme a la Regla 33(A) de nuestro Reglamento del Tribunal de Apelaciones, *supra*, dado que la notificación al Tribunal de Primera Instancia solo requiere una copia de la cubierta o de la primera página del recurso. Ahora bien, tal cual esbozado, el inciso (B) de la Regla 33, *supra*, exige que la parte peticionaria notifique la solicitud de *certiorari* a todas las partes del pleito dentro de un término de estricto cumplimiento. Este requerimiento exige que la solicitud de *certiorari* le sea notificada a las partes en su totalidad, esto es, su cubierta, índice, cuerpo, y apéndice. Sin embargo, a pesar de que la peticionaria estaba obligada a notificar la solicitud de *certiorari*, tal cual, a todas las partes del pleito, esta se limitó a notificar la cubierta del escrito mediante notificación automática del Sistema Unificado de Manejo y Administración de Casos. Lo anterior evidencia, sin amagues, la inobservancia del requisito de notificación a todas las partes, conforme a la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*. Así pues, dado a que la notificación de su recurso constituye un criterio medular para el perfeccionamiento del mismo, la omisión aquí señalada nos impide asumir autoridad revisora sobre los méritos que plantea.

Siendo de este modo, resolvemos que carecemos de jurisdicción para acoger el recurso de *certiorari* de epígrafe. Toda vez que el mismo no se perfeccionó según las exigencias pertinentes, y en ausencia de justa causa que excuse el incumplimiento antes señalado, únicamente podemos proveer para su desestimación.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones