Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MANUEL ROLDAN ROLDAN, GLORIA IVETTE SOLTERO CALDERO, YANIRA E. HERNÁNDEZ RAMÍREZ, WANDA LIZ VICENTE QUIÑÓNEZ; BRUNILDA RÍOS DELGADO, BLANCA IRIS DONES LÓPEZ<br><br>Parte Recurrida<br><br>v.<br><br>LUMA ENERGY LLC<br><br>Parte Peticionaria | TA2026CE00236 | *Certiorari procedente del Tribunal de Primera Instancia de Sala Superior de Bayamón*<br><br>Caso núm.: BY2025CV06420<br><br>Sobre: Despedido Injustificado (Ley 80), Discrimen por Origen Nacional (Ley 100), Procedimiento Sumario Bajo Ley Num.2 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de marzo de 2026.

El 23 de febrero de 2026, LUMA ENERGY LLC (en adelante, LUMA, parte querellada o la parte peticionaria), sin someterse a la jurisdicción, presentó ante nos una *Petición de Certiorari* en la que solicitó que revisemos una *Orden* emitida en corte abierta durante la vista celebrada el 11 de febrero de 2026, así como una orden notificada el 17 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). En sus pronunciamientos, el foro primario autorizó la deposición del presidente y principal ejecutivo de LUMA, el Sr. Juan Saca y denegó una solicitud de orden protectora respectivamente.

Por los fundamentos que expondremos a continuación, desestimamos el auto de *certiorari* solicitado.

## I.

El caso de epígrafe tiene su origen cuando el 11 de diciembre de 2025, los querellantes, Manuel Roldán Roldán; Gloria Ivette Soltero Caldero; Yanira E. Hernández Ramírez; Wanda Liz Vicente Quiñones; Brunilda Ríos Delgado; y Blanca Iris Dones López (en adelante, los querellantes o recurridos), presentaron una *Querella*[1] por despido injustificado y discrimen por origen nacional bajo el procedimiento sumario al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.* (en adelante, Ley Núm. 2-1961), contra LUMA. En síntesis, la parte querellante arguyó que, fueron contratados para distintas plazas en la corporación de la parte querellada mediante contrato de empleo sin tiempo determinado y que el 17 de octubre de 2025 fueron despedidos bajo el subterfugio de un alegado proceso de reorganización de sus operaciones.

El 29 de diciembre de 2025, LUMA, sin someterse a la jurisdicción, presentó su *Contestación a la Querella*.[2]

El 11 de febrero de 2026 se celebró una vista sobre el estado de los procedimientos para calendarizar el descubrimiento de prueba. La parte querellante informó que, estaría deponiendo al presidente de LUMA, el Sr. Juan Saca. A esos efectos, el foro primario emitió una orden concediéndole a la parte querellada el término de diez (10) días presentar una moción notificando la fecha elegida para la deposición del Sr. Saca.[3]

El 14 de febrero de 2026, LUMA radicó una *Solicitud de Orden Protectora*.[4] Argumentó que, el Sr. Saca no era la persona idónea para la deposición toda vez que, la reorganización de la compañía

---

[1] Entrada Núm. 1 del caso núm. BY2025CV06420 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 6 del caso núm. BY2025CV06420 en el SUMAC del TPI.
[3] Véase *Minuta* en la Entrada Núm. 22 del caso núm. BY2025CV06420 en el SUMAC del TPI.
[4] Entrada Núm. 15 del caso núm. BY2025CV06420 en el SUMAC del TPI.

fue realizada por el personal de Recursos Humanos. Además, indicó que, el Sr. Saca no tenía un conocimiento más detallado sobre la reorganización y la alegada contratación de empleados no puertorriqueños para ocupar los puestos que tenían los querellantes. Asimismo, planteó que, era oneroso ocupar al presidente y principal ejecutivo de la compañía cuando se había identificado a otras personas con el conocimiento relevante a la controversia.

El 16 de febrero de 2026, la parte querellante presentó una *Oposición a Solicitud de Orden Protectora.*[5] Planteó que, los argumentos esbozados en la solicitud de orden protectora fueron discutidos y considerados por el TPI en la vista del 11 de febrero de 2026 por lo que dicho escrito constituía una solicitud de reconsideración de la orden emitida en corte abierta. Siendo el caso tramitado por la vía sumaria, alegó que, la reconsideración era improcedente y solicitó que se denegara de plano la orden protectora.

El 17 de febrero de 2026, el TPI emitió una *Orden* en la que dispuso: *Se declara no ha lugar la solicitud de orden protectora. Por tratarse de un caso de Ley 2, el tribunal no va a permitir descubrimiento de prueba adicional. Por lo que, una deposición al presidente de la compañía no resulta oneroso.*[6]

Inconforme, el 23 de febrero de 2026, LUMA presentó ante nos una *Petición de certiorari* en la que formuló los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia y abusó de su discreción al concluir que procedía la toma de deposición del Presidente de LUMA, a pesar de la ausencia de argumentos concretos, específicos y razonables por parte de los coquerellantes que justificaran tal mecanismo de descubrimiento de prueba. En este caso, además, se cumplen los requisitos establecidos por la Regla 23. 2 de Procedimiento Civil para limitar el descubrimiento de prueba.

> Segundo error: Erró el Tribunal de Primera Instancia al denegar la Solicitud de Orden Protectora presentada por

---

[5] Entrada Núm. 16 del caso núm. BY2025CV06420 en el SUMAC del TPI.
[6] Entrada Núm. 17 del caso núm. BY2025CV06420 en el SUMAC del TPI.

LUMA, al no considerar adecuadamente la aplicabilidad de la doctrina sobre deposiciones de altos directivos ("*Apex deposition doctrine*") ni la ausencia de conocimiento único y especializado por parte del ejecutivo cuya deposición interesa la parte querellante.

El 5 de marzo de 2026, la parte recurrida instó una *Moción de desestimación por falta de jurisdicción al amparo de la R. 83 (b)(1) del Reglamento*. Alegó que, este Tribunal de Apelaciones carecía de jurisdicción toda vez que se recurre de una determinación interlocutoria emitida por el foro primario en un procedimiento sumario bajo la Ley Núm. 2-1961, y que se encontraba dentro de la sana discreción de dicho foro como parte de los trámites de descubrimiento de prueba. Sostuvo que, con la presentación del recurso, LUMA busca controlar unilateralmente las decisiones del TPI sobre el descubrimiento de prueba. Argumentó que, conforme las disposiciones de la Ley Núm. 2-1961 y la normativa de nuestro Tribunal Supremo, este caso no cumple con alguna de las excepciones establecidas para que este Tribunal de Apelaciones pueda revisar una resolución interlocutoria emitida en un procedimiento sumario.

Así pues, el 10 de marzo emitimos una Resolución en la que le concedimos hasta el 17 de marzo de 2026 a la parte peticionaria para que expusiera su posición sobre los méritos con respecto a la solicitud de desestimación.

En cumplimiento con nuestra *Resolución*, el 17 de marzo de 2026, LUMA presentó su escrito en *Oposición a moción de desestimación por falta de jurisdicción* en la que expuso que, conforme a la normativa establecida por el Tribunal Supremo en *Dávila Rivera v. Antilles Shipping, Inc*, 147 DPR 483 (1999), este Tribunal podía revisar una decisión interlocutoria, cuando la revisión tuviera el efecto de evitar una grave injusticia. Manifestó que, la controversia presentada ante este foro no era una compleja que provocaría el atraso del caso ante el foro primario. Sostuvo que,

la *Solicitud de Orden Protectora* presentada por LUMA tenía el propósito de evitar una solicitud temeraria y arbitraria por parte de la recurrida. Ello, en consideración a las manifestaciones de la parte peticionaria de que el Sr. Saca no poseía el conocimiento único o especializado que la recurrida alega necesitar para sostener su caso. Arguyó que, la solicitud de la parte querellante de deponer al presidente de la compañía, teniendo otras personas más aptas para testificar al respecto, constituía una burla al propio esquema que rige los procesos de descubrimiento de prueba. Por tanto, solicitó que, se denegara la *Oposición a moción de desestimación por falta de jurisdicción*, se revocara la decisión recurrida y se concediera la orden protectora.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas

56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97.

**B.**

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, es una ley que provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados en contra de sus patronos relacionadas con salarios, beneficios y derechos laborales. La Ley Núm. 2-1961, tiene como propósito principal proveerle al obrero un mecanismo procesal expedito que facilite y acelere el trámite de sus reclamaciones laborales. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 928 (1996). El procedimiento sumario "es el recurso principal 'para la implantación de la política pública del Estado de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido los medios económicos para la subsistencia de éste y de su familia, en la etapa de transición entre empleos". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016), (citando a *Rivera v. Insular Wire Products, supra*, pág. 923). *Véase*, además, *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011). La naturaleza sumaria que provee la referida disposición legal

constituye su característica esencial, por lo que tanto las partes como los tribunales deben respetarla y así evitar que se desvirtúe el carácter especial y sumario del procedimiento. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).

Conforme lo anterior, nuestro Tribunal Supremo ha resuelto que la revisión de resoluciones interlocutorias es contraria al carácter sumario que, precisamente, busca adelantar el procedimiento. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-497 (1999). En virtud de ello, los tribunales apelativos debemos autolimitar nuestra facultad al efecto. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016). Igualmente, el Tribunal Supremo ha reconocido que esta norma no es absoluta, y, por tanto, cedería en aquellos casos en que alguna resolución cuando los fines de la justicia requieran la intervención del foro apelativo. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila, Rivera v. Antilles Shipping, Inc., supra*, págs. 491-492.

Por excepción, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* en aquellas resoluciones interlocutorias dictadas en un procedimiento sumario de reclamaciones laborables en las siguientes instancias: (1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al., supra; Dávila, Rivera v. Antilles Shipping, Inc., supra*, pág. 498.

**C.**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374,

385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo el de analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra*, pág. 698; *Mun. San Sebastián v. QMC Telecom, supra*. Nuestro máximo foro ha sido enfático en que la ausencia de jurisdicción es un defecto insubsanable. *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

Por otra parte, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 83(B)(1), dispone que una parte podrá solicitar en cualquier momento la desestimación de un recurso cuando el Tribunal de Apelaciones carece de jurisdicción.

### III.

En el caso de autos, LUMA argumento que el *foro a quo* erró en autorizar la deposición del Presidente y Principal Ejecutivo de LUMA, el Sr. Saca como el método de descubrimiento de prueba de la parte querellante, por constituir dicha decisión un error de derecho y así evitar una grave injusticia. Además, solicitó nuestra intervención sobre la denegatoria a su solicitud de orden protectora.

Conforme las normas jurídicas pormenorizadas, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y no son revisables por este foro, salvo

contadas excepciones. Además, cabe destacar que, en el presente caso no está presente ninguna excepción a la referida norma jurisprudencial. Colegimos que, en ausencia de jurisdicción, nuestra intervención no dispondría de manera definitiva del asunto y el dictamen recurrido no constituye una grave injusticia que amerite nuestra intervención en esta etapa de los procedimientos.

Consecuentemente, ante la ausencia de una de las excepciones para que este foro revisor tenga autoridad para revisar una determinación interlocutoria en un caso tramitado bajo el procedimiento sumario, procede la solicitud de desestimación instada por la parte recurrida. Añádase a ello que observamos que la *Minuta* correspondiente a la vista celebrada el 11 de febrero de 2026 no fue debidamente firmada por la Jueza que presidió la audiencia, por lo que la orden recurrida no surte efecto para propósitos de una revisión apelativa. Lo antes, conforme lo establecido en la Regla 32 (b) (1) de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap II- B, R32 (B) (1) y lo resuelto, por el Tribunal Supremo en *Sánchez et. als. v. Hosp. Dr. Pila et. als.*, 158 DPR 255 (2002) y *Pueblo v. Rodríguez*, 167 DPR 318 (2006).

## IV.

Por los fundamentos antes expuestos, se desestima el auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones