ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| OLGA SEDA MORALES ANTHONY QUIÑOÑES SEDA<br><br>Apelado<br><br>v.<br><br>LISSETTE DE JESÚS CARRIÓN<br><br>Apelante | TA2026AP00158 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2023CV03351<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Comparece ante esta Curia, la Sra. Lisette De Jesús Carrión (Sra. De Jesús Carrión o Apelante) y solicita que revoquemos la *Sentencia*[1] en rebeldía que el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario) notificó, el 30 de diciembre de 2025. Mediante el referido dictamen, el TPI declaró Ha Lugar la *Demanda*[2] sobre sentencia declaratoria y cobro de dinero que la Sra. Olga Seda Morales (Sra. Seda Morales) y el Sr. Anthony Quiñones Seda (Sr. Quiñones Seda) (en conjunto, Apelados) instaron en contra de la Apelante.

Por los fundamentos que exponemos a continuación, revocamos el dictamen apelado.

**I.**

Los Apelados incoaron la presente reclamación sobre sentencia declaratoria y cobro de dinero en contra de la Sra. De

---

[1] Entrada Núm. 98 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[2] *Íd.*, Entrada Núm. 1.

Jesús Carrión, el 5 de octubre de 2023. Surge de las alegaciones que, la Sra. Seda Morales, madre del Sr. Quiñones Seda, y dueña de la propiedad cita en la calle 32 AK-7, Urbanización Bairoa, Caguas, Puerto Rico, 00725, donó un derecho de superficie, en los altos de la residencia, a favor de los cónyuges, el Sr. Quiñones Seda y la Sra. De Jesús Carrión. Además, los promoventes de la acción expusieron que, en beneficio de la superficie, la Sra. Seda Morales refinanció la propiedad y consignó una hipoteca por la cantidad de $889.50 mensuales a favor de Banco Popular de Puerto Rico (BPPR). Añadieron que, los cónyuges incumplieron con su aportación al préstamo hipotecario, el cual a la fecha de la presentación de la demanda adeudaba una suma aproximada de $88,000.00 a favor de BPPR y un total de $265,071.00 a favor de la Sra. Seda Morales. Por lo antes, los Apelados suplicaron al foro primario que ordenara a la Sra. De Jesús Carrión el pago de lo adeudado, más honorarios, gastos y costas.

Concedida la expedición del emplazamiento por edicto, los Apelados acreditaron una declaración jurada de la publicación del edicto el cual consta revelado el 21 de febrero de 2024.[3] Transcurrido el término correspondiente en ausencia de las alegaciones responsivas de la Apelante, el 16 de abril de 2024, los Apelados solicitaron al foro primario que fijara una vista en rebeldía[4] y al día siguiente, el TPI la señaló mediante *Orden* notificada en autos.[5]

En reacción, el 26 de abril de 2024, la Sra. De Jesús Carrión presentó, por derecho propio, una *Moción urgente solicitando reconsideración y relevo de anotación de rebeldía.[6]* En el referido documento, informó que no fue notificada por correo certificado tal

---

[3] *Íd.*, Entrada Núm. 12.
[4] *Íd.*, Entrada Núm. 14.
[5] *Íd.*, Entrada Núm. 15 y 16.
[6] *Íd.*, Entrada Núm. 17.

y como exigen las Reglas de Procedimiento Civil. Además, suplicó al TPI dejar sin efecto la anotación de rebeldía debido a deficiencias en la expedición del emplazamiento por edicto. Asimismo, en una moción *pro se* informó al foro primario de su dirección física y electrónica.[7]

Subsiguientemente, la Apelante instó una moción dispositiva, asistida por su representación legal y sin someterse a la jurisdicción del TPI.[8] En síntesis, nuevamente le imputó al foro primario ausencia de jurisdicción sobre su persona debido a que los Apelados omitieron notificar copia del emplazamiento por edicto y la demanda conforme dispone la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. Sobre tales bases, solicitó la desestimación de la demanda.

Pendiente lo anterior, el 23 de julio de 2024, el TPI celebró una vista durante la cual ordenó a las partes a coordinar una reunión para considerar un acuerdo transaccional. Advirtió que, de no proceder, adjudicaría la causa conforme a derecho. En cuanto al asunto jurisdiccional dispuso lo siguiente "[e]l tribunal aclara que el hecho de que la parte demandada presentara una moción indicando su dirección, no se entiende que se sometió a la jurisdicción". Sin embargo, no consignó adjudicación alguna sobre el petitorio dispositivo pendiente ante su consideración.[9]

Irresoluta la moción de desestimación, la Apelante radicó un petitorio dispositivo en el que nuevamente cuestionó la jurisdicción sobre su persona.[10] En referencia a lo anterior, el TPI notificó una *Orden*[11] mediante la cual consignó que el petitorio era académico.

Tras varias vistas de igual naturaleza[12], el 17 de junio de 2025, el foro primario celebró una vista transaccional durante la cual las partes acordaron vender la propiedad en controversia,

---

[7] *Íd.*, Entrada Núm. 19.
[8] *Íd.*, Entrada Núm. 29.
[9] *Íd.*, Entrada Núm. 45.
[10] *Íd.*, Entrada Núm. 48.
[11] *Íd.*, Entrada Núm. 50.
[12] *Íd.*, Entradas Núm. 51, 52, 58, 59 y 67.

cancelar el pagaré hipotecario y consignar su sobrante ante el tribunal.[13] En cumplimiento, el 26 de agosto de 2025, la Sra. De Jesús Carrión presentó una *Moción depositando fondos*[14] en la que anejó un cheque expedido por BPPR a la orden de la Secretaría del Tribunal de Caguas por una suma de $49,186.10. Cabe señalar que, al disponer sobre lo antes, el TPI se limitó a notificar "Enterado" sin cumplimentar lo establecido en el Código Civil. Artículo 1131 sobre oferta de pago y consignación. (31 LPRA sec. 9181).

Así las cosas y no obstante lo anterior, el foro primario celebró una conferencia con antelación a juicio durante la cual determinó que, por carecer de una propiedad sita en Puerto Rico y a solicitud de la Apelante, impuso a los Apelados, una fianza de no residente por una cantidad total de $1,000.00. En relación con la jurisdicción sobre la persona, expuso que "[l]a parte demandada se sometió a la jurisdicción cuando presenta la solicitud de reconsideración y relevo de anotación de rebeldía".[15]

Por su parte, en corte abierta, los Apelados solicitaron la anotación de la rebeldía en contra de la Apelante y el balance de lo adeudado a favor de la Sra. Seda Morales. En cambio, durante dicha audiencia, la Sra. De Jesús Carrión reiteró su defensa de falta de jurisdicción y solicitó al TPI que adjudicara su petitorio jurisdiccional por escrito. No obstante, el foro primario volvió a señalar otra vista.

Pendiente lo anterior, el 11 de diciembre de 2025, la Apelante acreditó su alegación responsiva y presentó una reconvención en contra de la Sra. Seda Morales y el Sr. Quiñones Seda.[16] En la

---

[13] *Íd.*, Entrada Núm. 68.
[14] *Íd.*, Entrada Núm. 72.
[15] *Íd.*, Entrada Núm. 99. Cabe señalar que la referida minuta no fue firmada por la jueza que presidió la audiencia, por lo que no surtió efecto para la correspondiente revisión apelativa. Véase lo resuelto por el Tribunal Supremo en *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255 (2002), *Pueblo v. Rodríguez, 167 DPR 318 (2006),* así como la Regla 32(B)(1) de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32(B)(1).
[16] *Íd.*, Entrada Núm. 93.

contestación a la demanda, negó la mayoría de las alegaciones en su contra por entender que no existía una obligación entre las partes y que las acciones de la Sra. Seda Morales provocaron el incremento de la deuda hipotecaria. En particular, sin renunciar a su defensa de falta de jurisdicción, negó la adjudicación de la totalidad del préstamo hipotecario para la construcción de la segunda planta en la propiedad. Añadió que, la Sociedad de Bienes Gananciales, compuesta por el Sr. Quiñones Seda y la Sra. De Jesús Carrión, sufragó parte de los gastos para la adquisición del derecho de superficie. En relación con la reconvención, solicitó el valor de lo edificado, una compensación por daños y perjuicios, los gastos incurridos en la compraventa, un crédito por las contribuciones de la Sociedad de Bienes Gananciales y la imposición de temeridad contra de los Apelados. Por todo lo anterior, suplicó del foro primario la desestimación de la causa de acción incoada y el pago de lo reconvenido.

En igual fecha, los Apelados presentaron una *Moción reiterando solicitud de anotación de rebeldía y se dicte sentencia sin celebración de vista al amparo de la Regla 10.3.* [17] En ella, insistieron que, las alegaciones responsivas de la Sra. De Jesús Carrión fueron presentadas a destiempo.

Evaluado lo anterior, el 30 de diciembre de 2025, el TPI dictó la *Sentencia* en rebeldía, aquí impugnada. En desacuerdo, la Apelante instó ante el foro primario una *Solicitud de Reconsideración.* [18] En ella, imputó al TPI haber incurrido en error al dictar sentencia en rebeldía en ausencia de la prestación de fianza que provocó la paralización de los procedimientos conforme a la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5. Asimismo, reiteró que, el foro adjudicador carece de jurisdicción

---

[17] *Íd.*, Entrada Núm. 95.
[18] *Íd.*, Entrada Núm. 101.

sobre la persona por insuficiencia en el diligenciamiento del emplazamiento.

Tras no prosperar en su intento de reconsideración[19] y aun inconforme, la Sra. De Jesús Carrión acude ante esta Curia y le imputa al foro primario la comisión de los siguientes errores:

> Corresponde a este Ilustrado Tribunal de Apelaciones determinar que se equivoca el Tribunal de Primera Instancia al dictar sentencia en rebeldía por las alegaciones sin recibir evidencia, sin que la parte demandante establezca su caso por preponderancia de la prueba ni que la parte demandada tenga oportunidad de contrainterrogar testigos en una vista o juicio en su fondo.

> Corresponde a este Honorable Tribunal de Apelaciones determinar que constituye un error de derecho dar paso a una reclamación para renunciar al derecho de superficie sobre un inmueble y en cobro de dinero entre cónyuges, en vista que tal acción es contraria a la responsabilidad de los integrantes de una Sociedad Legal de Bienes Gananciales y cuando hay una hija menor de edad entre ellos.

Acogido el recurso instado por la Apelante, el 20 de febrero de 2026, apercibimos a los Apelados del estricto cumplimiento de la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Transcurrido el término sin acreditar cumplimiento, procedemos a resolver -según advertido- sin el beneficio de su comparecencia.

## II.

### A. Emplazamiento por edicto

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra. Asimismo, este método permite al tribunal adquirir jurisdicción sobre la persona del demandado. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp*, 213 DPR 481, 487- 488 (2024).

---

[19] *Íd.*, Entrada Núm. 102.

Cabe señalar que, la parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, esto ante la existencia de política pública que requiere emplazar y notificar adecuadamente a la parte demandada con el fin de evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. De manera que, para que el tribunal adquiera jurisdicción sobre todas las partes es indispensable que estos sean emplazados conforme a derecho. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019).

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29 (2014). Cabe destacar que, el emplazamiento es renunciable cuando la parte "comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito y se somete a la jurisdicción del tribunal". *Íd.*, pág. 37.

En lo pertinente a la controversia, el tribunal podrá autorizar que el emplazamiento sea por edicto: cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, el demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada o de la demanda también deberá surgir que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona que ha de ser emplazada; o que dicha persona es parte apropiada

en el pleito. Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. En particular, la citada regla establece que:

> Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico.
>
> La orden dispondrá, además, que **dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo**, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida**, **a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.** (Énfasis nuestro).

Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado que los requisitos dispuestos en Regla 4.6 de Procedimiento Civil, *supra,* activan la garantía del debido proceso de la ley en su vertiente procesal. La omisión de lo anterior priva al tribunal de jurisdicción sobre la persona del demandado, "por lo que cualquier sentencia dictada será nula". *Banco Popular v. S.L.G. Negrón,* 164 D.P.R. 855, 865-866 (2005). A tales efectos, y en concordancia con la política pública que pretende que los casos se ventilen en sus méritos, el pleito no debe desestimarse de facto. En cambio, procede darle oportunidad a la parte demandante de efectuar nuevamente el

diligenciamiento del emplazamiento y la demanda a la parte demandada. *Íd.*, pág. 874.

Sobre el término para diligenciar el emplazamiento, el inciso (c) de la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone:

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El Tribunal Supremo resolvió en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), que el término dispuesto en la Regla 4.3 antes citada es improrrogable. Por tanto, transcurridos los ciento veinte (120) días sin que el demandante haya podido diligenciar el emplazamiento produce la desestimación automática de la causa de acción. La desestimación responde a la falta de jurisdicción. Como se sabe, los asuntos jurisdiccionales resultan privilegiados a nuestros foros adjudicadores y como tal, deben atenderse y resolverse de manera inmediata sobre cualquier asunto. En cumplimiento a este deber, los Tribunales deben tener presente que adjudicar en ausencia de jurisdicción produce una sentencia nula en derecho. *R&B Power Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). *S.L.G. Szendrey Ramos v. F. Castillo,* 169 DPR 873, 882-883 (2007).

De otra parte, en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994 (2021), se resolvió que, discrecionalmente, el tribunal puede autorizar la enmienda de un emplazamiento, siempre y

cuando la parte demandante haya suscitado el diligenciamiento en el término reglamentario correspondiente.

En cuanto a la acreditación del diligenciamiento del emplazamiento, la Regla 4.7 de Procedimiento Civil 32 L.P.R.A. Ap. V, R. 4.7, establece que la persona que realice el diligenciamiento del emplazamiento deberá presentar ante el Tribunal su constancia dentro del plazo concedido a la persona emplazada para comparecer. Cuando la notificación del emplazamiento se otorgue por edicto, se probará su publicación mediante la declaración jurada del administrador o agente autorizado del periódico, acompañado de un ejemplar del edicto publicado y un escrito de la representación legal que certifique que se depositó en correo una copia del emplazamiento y de la demanda. Para ello, es meritorio un acuse de recibo de la parte demandada. Sin embargo, la referida regla dispone que la omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez. Por tanto, será innecesaria tal prueba, si la parte demandada admite haber sido emplazada, su renuncia del diligenciamiento al emplazamiento o su comparecencia.

**B. La Rebeldía**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, faculta al tribunal a anotar la rebeldía a una parte que no comparece a pesar de haber sido emplazada, a iniciativa propia o a solicitud de parte. La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). Como se sabe, la anotación de rebeldía es un disuasivo para aquellos que puedan recurrir a la dilación como estrategia de litigación. *Freyre Martínez v. Consejo de Titulares,* 2026 TSPR 20. Lo anterior, puesto que el efecto de la anotación de la rebeldía es que, se darán por admitidos los hechos correctamente

alegados en la demanda, y los tribunales pueden dictar sentencia, si procede como cuestión de derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, 207 DPR 540, 554 (2021).

Cabe señalar que, aun cuando las alegaciones afirmativas se dan por admitidas con la anotación de rebeldía, el Tribunal Supremo exige que, los tribunales comprueben la veracidad de cualquier aseveración mediante prueba. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 826 (2023) (citando a *Continental Ins. v. Isleta Marina*, 106 DPR 809, 817 (1978). En el descargo de dicho deber, los tribunales pueden, discrecionalmente, celebrar las vistas que estimen necesarias y adecuadas para comprobar la veracidad de cualquier alegación. *Íd.*; *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005).

No obstante, el Máximo Foro ha reiterado que un trámite en rebeldía no garantiza una sentencia favorable al demandante, pues, la parte demandada no admite hechos incorrectamente alegados ni tampoco conclusiones de derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554. **Asimismo, la parte que se encuentre en rebeldía tampoco renuncia a las defensas de falta de jurisdicción ni a que la demanda no aduce hechos constitutivos de remedio.** *Íd.* págs. 554-555.

La Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, autoriza a los tribunales a dejar sin efecto la rebeldía anotada ante la existencia de justa causa. De igual manera, permite que los tribunales dejen sin efecto una sentencia dictada en rebeldía de conformidad con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Lo anterior, debido a que el objetivo de la anotación de rebeldía no es aventajar a la parte demandante para que obtenga una sentencia sin una vista en sus méritos sino promover una sana administración judicial. *J.R.T. v. Missy MFG. Corp.*, 99 DPR 805, 811 (1971).

### III.

En su recurso, la Apelante arguye que, el foro primario incidió al adjudicar la causa de acción en rebeldía en ausencia de evidencia fehaciente que compruebe la veracidad de las alegaciones. A su vez, sostuvo que, se le privó de su derecho a contrainterrogar testigos e impugnar la cuantía solicitada. Por otro lado, en su segundo señalamiento de error, le imputa al TPI haber incurrido en error al permitir la renuncia a un derecho de superficie constituido por la Sociedad de Bienes Gananciales sobre la residencia principal, sin el consentimiento de la Sra. De Jesús Carrión, así como el cobro de dinero entre cónyuges.

Examinados los referidos señalamientos a la luz del derecho aplicable y el extenso trámite procesal acontecido en el caso de epígrafe con particular atención a los asuntos de naturaleza jurisdiccional (que resultan de umbral en todas las etapas del trámite judicial), entre otros factores, resolvemos revocar el dictamen apelado.

Según expusimos en el tracto procesal, el foro primario autorizó la expedición del emplazamiento a la apelante por edicto. Sin embargo, transcurrido el término correspondiente sin la presentación de las alegaciones responsivas de la Sra. De Jesús Carrión, los Apelados solicitaron al TPI celebrar una vista en rebeldía. Oportunamente, la Apelante, *pro se*, instó una moción mediante la cual puntualizó deficiencias en el diligenciamiento del emplazamiento. Ello por no haber sido notificada por correo con acuse de recibo, conforme exigen las reglas procesales. Consecuentemente, la Sra. De Jesús Carrión radicó un petitorio de desestimación en el que levantó la defensa de falta de jurisdicción sobre la persona. Sin embargo, de nuestro examen sosegado del expediente releva que, a pesar de las múltiples oportunidades para atender el reclamo de umbral sobre la falta de jurisdicción sobre la

demandada, el TPI no adjudicó de forma fehaciente las mociones dispositivas en cumplimiento con lo establecido en nuestro ordenamiento civil.

En lo pertinente, la apelante abundó sobre la Regla 4.6 de Procedimiento Civil, *supra,* la cual requiere que la parte demandante, dentro de los diez (10) días siguientes a la publicación del edicto, le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida. A menos, que se justifique mediante una declaración jurada que, a pesar de los esfuerzos razonables realizados, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

Asimismo, argumentó que, cuando la notificación del emplazamiento se otorgue por edicto, la parte demandante deberá acreditar el debido diligenciamiento, lo cual no ocurrió en este caso. Para ello, sostuvo que se requiere probar su publicación mediante la declaración jurada del administrador o agente autorizado del periódico, acompañado de un ejemplar del edicto publicado y un escrito de la representación legal que certifique que se depositó en correo una copia del emplazamiento y de la demanda, junto con el acuse de recibo de la parte demandada.

Conforme la normativa antes expuesta, las deficiencias en el cumplimiento del requisito de emplazamiento a tenor con la Regla 4.6 de Procedimiento Civil, *supra,* activan las garantías del debido proceso de ley en su vertiente procesal, en particular, la adecuada notificación conforme a derecho. Sin embargo, en concordancia con la política pública que pretende que los casos se ventilen en sus méritos, el pleito no debe desestimarse de facto. *Banco Popular v.*

*S.L.G. Negron,* supra, pág. 865-866. El foro adjudicador está compelido de revisar si el diligenciamiento del emplazamiento ocurrió dentro del término improrrogable de ciento veinte (120) días. *Bernier González v. Rodríguez Becerra,* supra, pág. 651.

Cabe puntualizar que, en el caso que nos ocupa, el foro primario determinó que el petitorio presentado por la Apelante, intitulado *Moción urgente solicitando reconsideración y relevo de anotación de rebeldía,* constituyó una comparecencia voluntaria para fines jurisdiccionales.[20] Sin embargo, surge de un análisis cuidadoso del referido documento que, la Sra. De Jesús Carrión se limitó a auscultar cuestiones que inciden en la jurisdicción del tribunal. En específico, destacó no haber sido notificada de la causa por correo certificado con acuse de recibo como exige la normativa antes expuesta. A diferencia de ello, no argumentó sobre los méritos de la controversia. Por lo tanto, resulta forzoso concluir que el primer documento presentado por la Apelante no constituye un acto sustancial de sumisión voluntaria. En su consecuencia, el TPI incidió en su proceder al anotar la rebeldía y dictar la sentencia en rebeldía sin la celebración de una vista y sin auscultar correctamente su jurisdicción.

Le corresponde al foro primario examinar la totalidad de los documentos requeridos para constatar el diligenciamiento del emplazamiento por edicto, conforme exige la Regla 4.7 de Procedimiento Civil, *supra,* lo cual debería realizarse dentro del término jurisdiccional de ciento veinte (120) días.

Por otro lado, y atinente a los asuntos de índole jurisdiccional, el 9 de diciembre de 2025, durante la conferencia con antelación a juicio, el foro primario ordenó el pago por concepto de una fianza de no residente contra los Apelados por la suma de $1,000. Ello, luego

---

[20] Véase, Entrada Núm. 17 y 99 en el expediente electrónico del portal del SUMAC del Poder Judicial.

de que las partes procedieran con la venta de la propiedad en pugna y los Apelados, quienes residen fuera de Puerto Rico, quedaran sujetos a las exigencias de la Regla 69.5 de Procedimiento Civil, *supra.*

Sobre este tema, la Regla 69.5 de Procedimiento Civil, *supra,* establece que cuando la parte demandante resida fuera de Puerto Rico los tribunales exigirán la prestación de una fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. A partir de ese momento, la referida regla dispone que, todo procedimiento en el pleito se suspenderá hasta que se preste la fianza. Transcurridos sesenta (60) días desde la notificación de la orden, sin que la fianza haya sido prestada, el tribunal ordenará la desestimación del pleito. *Íd.*

Destacamos que, conforme a los documentos presentados ante nuestra consideración, no surge acreditación del monto de fianza exigido por el foro adjudicador. A esos efectos, colegimos que, el TPI deberá evaluar si, en el tiempo previsto por la mencionada regla, los Apelados cumplieron con la fianza impuesta.

De superar las controversias de naturaleza jurisdiccional, el foro primario deberá considerar la consignación realizada conforme establece el Artículo 1131 del Código Civil, *supra,* sobre consignaciones. Lo antes, incide necesariamente sobre los asuntos que permanecen pendientes ante su consideración y la jurisdicción sobre el caso y controversia, si alguna.

En virtud de los fundamentos esbozados, los errores imputados se cometieron. Entiéndase que, el foro primario erró al adjudicar el pleito de autos en rebeldía sin la celebración de una vista y sin antes adjudicar las controversias jurisdiccionales y sustantivas pendientes ante su consideración.

**IV.**

Por las razones antes expuestas, dejamos sin efecto la anotación de rebeldía y revocamos la *Sentencia* apelada. En su consecuencia, devolvemos la causa ante el foro primario para la celebración de la vista requerida para atender la totalidad de los asuntos pendientes, conforme lo aquí resuelto.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones